UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Gregory Coffey,

        Plaintiff,

        v.

State of Vermont, Town of Hartford
Police Department, Logan Scelza,
Scott Moody, Emily Zukauskas, Esq.,
Ward Goodenough, Esq.,

        Defendants.

Civil Action No. 2:21–cv–50-cr-kjd

## <u>REPORT AND RECOMMENDATION</u>
(Docs. 13, 14, 27, 29, 34)

Plaintiff Gregory Coffey, representing himself and proceeding *in forma pauperis*, alleges claims under 42 U.S.C. § 1983 against Defendants the Town of Hartford Police Department (the "HPD"), HPD Officers Logan Scelza and Scott Moody (collectively with the HPD, the "Municipal Defendants"), the State of Vermont and State's Attorneys Emily Zukauskas, Esq.[1] and Ward Goodenough, Esq. (collectively, the "State Defendants"). (Doc. 4.) These claims arise from the investigation and pending prosecution of Plaintiff in Vermont Superior Court.

All Defendants have moved to dismiss the Complaint (Docs. 13, 14, 27), and Coffey has filed Oppositions to these Motions (Docs. 23, 28, 32). Also pending is Municipal Defendants' Motion to Strike (Doc. 29) Coffey's "Supplemental Opposition" to the Municipal Defendants' Motions to Dismiss (Doc. 28). Following briefing on the dispositive motions, Coffey requested appointment of counsel. (Doc. 34.) The Municipal Defendants oppose Coffey's request for

---

[1] The Clerk's Office is respectfully requested to correct the docket to reflect the proper spelling of Defendant Zukauskas's name.

appointment of counsel, contending that he has not made "a threshold showing of some likelihood of merit" that would warrant assignment of counsel, and that he has not demonstrated good-faith efforts to obtain counsel on his own.  (Doc. 35 at 3–4 (internal quotation marks omitted).)

For the reasons discussed below, I recommend that HPD's Motion to Dismiss (Doc. 13) be GRANTED; Officers Scelza and Moody's Motion to Dismiss (Doc. 14) be GRANTED; the State Defendants' Motion to Dismiss (Doc. 27) be GRANTED; and the Municipal Defendants' Motion to Strike (Doc. 29) be DENIED.  If Coffey's Complaint is dismissed, I recommend that Coffey be allowed leave to amend his Complaint.  Finally, I recommend that Coffey's Motion for Appointment of Counsel (Doc. 34) be DENIED without prejudice.

## Background

### I.    Coffey's Allegations

Coffey is currently detained at Southern State Correctional Facility in Springfield, Vermont.  (Doc. 4 at 1, ¶ 1.)  He is awaiting trial on charges of aggravated domestic assault, domestic assault, kidnapping, and operation of a vehicle without the owner's consent.  (*Id.* at 2, 3–4, ¶¶ 7, 16.)  He generally alleges that he has been incarcerated without trial for over three years based "upon manufactured evidence[] and . . . perjured testimony."  (*Id.* at 3, 6, ¶¶ 12, 28.)

Coffey filed this § 1983 action against Defendants for alleged malicious prosecution and violations of his "rights to substantive and procedural due process, a fair and speedy public trial, counsel, preservation and production of exculpatory evidence, and to be free from unreasonable detention."  (*Id.* at 2, 3, ¶¶ 7, 13.)  He seeks money damages for his "severe emotional and mental distress, wrongful imprisonment and incarceration, cruel and unusual punishment, [and] violation of his constitutional rights."  (*Id.* at 7, ¶ 31.)

2

<u>Discussion</u>

I.    **Standards of Review**

Courts afford pleadings filed by self-represented parties "special solicitude."  *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted).  The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *see also McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (explaining courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest" (internal quotation marks omitted)).

A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "if the court 'lacks the statutory or constitutional power to adjudicate it.'"  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  "[T]he party asserting federal [subject matter] jurisdiction bears the burden of establishing jurisdiction" exists.  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (internal quotation marks omitted).  If subject matter jurisdiction is lacking, however, the court cannot proceed further.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In adjudicating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the allegations contained in a complaint" and determine whether the complaint states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* All complaints must contain "sufficient factual matter . . . to state a claim . . . ." *Id.* (internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

## II.    42 U.S.C. § 1983

Under § 1983, a plaintiff may bring suit against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). In order to state a claim under § 1983, a plaintiff must plausibly plead "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'" *Velez v.*

*Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (omission in original) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Coffey does not specify whether he asserts his § 1983 claims against Defendants in their official or individual capacities. Therefore, the Court construes the Complaint as alleging both official and individual-capacity claims. *Roberts v. Vermont Dep't of Corrections*, Civil Action No. 2:16-cv-135-cr-jmc, 2017 WL 21889707, at *4 (D. Vt. Apr. 4, 2017) (observing that "where a *pro se* litigant does not specify in what capacity the individual defendants are being sued, courts generally liberally construe the complaint as alleging both official and individual capacity claims" (internal quotation marks omitted)).

## III.    Municipal Defendants' Motions to Dismiss

Both HPD and HPD Officers Scelza and Moody have moved to dismiss Coffey's claims against them under Federal Rule of Civil Procedure 12(b)(6). (Docs. 13, 14.) Coffey opposes the Motions. (Doc. 23.) He has also filed a Supplemental Response in opposition to the Motions to Dismiss (Doc. 28), which the Municipal Defendants have moved to strike (Doc. 29). Although this Court's Local Rules of Procedure do not provide for a sur-reply memorandum as a matter of course, *see* D. Vt. L.R. 7, given Coffey's self-represented status, I recommend that the Court DENY the Motion to Strike and consider Coffey's additional filing.[2]

### A.    Coffey has not stated a claim against the HPD because municipal police departments do not have the capacity to be sued under Vermont law.

HPD requests dismissal of Coffey's claims because Vermont law does not authorize lawsuits against municipal police departments. (Doc. 13 at 3–4.) Although Coffey opposes dismissal, he does not directly respond to HPD's legal argument. (*See* Doc. 23 at 9–12.)

---

[2] If the Court permits Coffey an opportunity to amend the Complaint, Coffey is advised to comply with the Court's Local Rules of Procedure, including L.R. 7 governing permissible pleadings.

Under Federal Rule of Civil Procedure 17(b)(3), the Court looks to Vermont law to determine whether a governmental entity has the capacity to be sued. This Court has consistently held that municipal police departments do not have the capacity to be sued. *See, e.g.*, *Bombard v. Volp*, 44 F. Supp. 3d 514, 528 (D. Vt. 2014) (granting summary judgment to Burlington Police Department, explaining that the court "has consistently held that [municipal police] departments do not have the capacity to be sued"); *Gorton v. Burlington Police Dep't*, 23 F. Supp. 2d 454, 456 (D. Vt. 1998) (explaining that "[a] municipal police department is not a legal entity which can be sued under 42 U.S.C. § 1983"). The proper defendant for Coffey's claims against the HPD is the Town of Hartford. *See, e.g.*, *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) ("A municipal police department is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function. Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983.")

Because HPD is not a municipal entity that may be sued under Vermont law, Coffey has failed to state a claim on which relief may be granted, and therefore his claims against HPD should be dismissed. Accordingly, I recommend that HPD's Motion to Dismiss (Doc. 13) be GRANTED.

### B.    Coffey has not stated a claim against Officers Scelza and Moody in either their official or individual capacities.

HPD Officers Scelza and Moody request dismissal of Coffey's claims under Rule 12(b)(6), contending that the Complaint is devoid of plausible factual allegations and relies instead on legal conclusions. (Doc. 14 at 5.)

1.    **Coffey's official-capacity claims fail because the Complaint does not allege a Town of Hartford policy or custom resulting in the claimed unconstitutional conduct.**

A "claim asserted against an individual in his official capacity . . . is in effect a claim against the governmental entity itself, rather than a suit against the individual personally, for 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (quoting *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55). Therefore, to the extent Coffey asserts claims against HPD Officers Scelza and Moody in their official capacities, the Court considers these claims to be asserted against the Town of Hartford.

Under § 1983, "local governments are responsible only for their *own* illegal acts[;] . . . [t]hey are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks and citations omitted) (municipalities can be held liable "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation" (internal quotation marks omitted)). A municipality may be held liable under § 1983 "only if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014). Accordingly, to hold a municipality liable under § 1983 for the unconstitutional actions of its employees, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks omitted).

Coffey's Complaint does not plausibly allege any policy or custom relating to his arrest, detention, or prosecution. *See Matusick*, 757 F.3d at 62. Rather, the Complaint alleges that the

specific law enforcement officers and prosecutors involved in his case engaged in various allegedly unlawful actions.  It does not allege that a policy or custom of any kind caused the allegedly unconstitutional conduct.  Further, a plausible claim of municipal liability cannot be based on an isolated instance of allegedly unconstitutional conduct by an officer.  *See Smalls v. City of New York*, 181 F. Supp. 3d 178, 189 (E.D.N.Y. 2016) ("[A] single incident alleged in [a] complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991))).  Coffey asserts only conclusory allegations of improper conduct by Officers Scelza and Moody (Doc. 4 at 4, ¶ 18), but otherwise offers no facts to suggest that a policy or custom caused the alleged misconduct.  This is insufficient to state a claim against the Town of Hartford.  *See Smalls*, 181 F. Supp. 3d at 189–90 ("[Plaintiff] asserts only conclusory allegations that the New York City Police Department has a widespread, undefined custom of trumping up charges and making unlawful arrests to generate 'activity' for officers.  He sets forth no other examples of this practice, and offers no factual support beyond his own arrest.  Any indication that policy-making actors are pursuing an unlawful practice or custom conferring liability is, simply, insufficiently pled.").

"[C]onstitutional torts committed by city employees without official sanction or authority do not typically implicate the municipality in the deprivation of constitutional rights, and therefore the employer-employee relationship is in itself insufficient to establish the necessary causation."  *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004).  Coffey alleges no other specific conduct by Town of Hartford officials, nor does he allege any other facts or circumstances demonstrating that the Town of Hartford had an official policy or custom

that resulted in unconstitutional conduct pertaining to him.  Accordingly, Coffey has not

plausibly alleged official-capacity claims against Officers Scelza or Moody.

> **2.** **Coffey has not stated individual-capacity claims against Officers Scelza and Moody because the Complaint alleges only legal conclusions without factual content that permits the Court to reasonably infer liability for the alleged misconduct.**

To the extent that Coffey seeks to allege a § 1983 claim against HPD Officers Scelza and

Moody in their individual capacities, he "must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." *Tangreti v.*

*Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).  Coffey's

Complaint consists largely of legal conclusions rather than plausible factual allegations.  The

substance of his allegations is contained in the Complaint's "Causes of Action" section, which

contains several conclusory assertions of improper conduct by police officers and prosecutors

related to his pending prosecution.  As Coffey states the essence of his claim:

> Defendants Logan Scelza and Scott Moody improperly influenced a witness against Plaintiff, conspired to manufacture false evidence against Plaintiff, illegally allowed a witness access to evidence and permitted the alteration of evidence by that witness, proffered knowingly falsified evidence, and colluded to falsify the chain of custody regarding the evidence being used against Plaintiff, all in violation and deprivation of Plaintiff's fundamental constitutional rights . . . .

(Doc. 4 at 4, ¶ 18.)  He further alleges that Officer Scelza "procured" the false testimony of the

complaining witness in the state prosecution through "improper suggestions" and "influence."

(*Id.*at 4–5, ¶¶ 21, 23.)  All of these allegations, however, are legal conclusions about the

Defendants' alleged misconduct.  Without "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S.

at 678, Coffey's legal conclusions are insufficient to allege actionable claims of unconstitutional

conduct against Officers Scelza or Moody.

Coffey has not stated a claim for which relief may be granted against Officers Scelza or Moody in their official or individual capacities. Accordingly, I recommend that Officer Scelza and Moody's Motion to Dismiss (Doc. 14) be GRANTED.[3]

## IV.    State Defendants' Motion to Dismiss

The State Defendants move to dismiss Coffey's claims under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. 27.) The State Defendants argue that: (1) the State of Vermont and Defendants Goodenough and Zukauskas sued in their official capacities are not "persons" subject to liability under § 1983; (2) sovereign immunity bars suits for money damages against the State and its officers in their official capacities; (3) prosecutorial immunity renders State's Attorneys Goodenough and Zukauskas absolutely immune from suit in their individual capacities; and (4) even if the State Defendants were subject to suit, Coffey has failed to plead a plausible claim for relief against them.

### A.    The State of Vermont and Defendants Goodenough and Zukauskas sued in their official capacities are not "persons" subject to liability under § 1983.

Coffey's claims against the State of Vermont and State's Attorneys Zukauskas and Goodenough in their official capacities under § 1983 should be dismissed. The State of Vermont and Defendant State's Attorneys in their official capacities are not subject to suit because neither is a "person" subject to suit under § 1983. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58,

---

[3] Coffey's Complaint appears to assert claims related to his arrest, confinement, and prosecution. To the extent that Coffey may be asserting a false-arrest claim against Officers Scelza and Moody, probable cause is a complete bar to such a claim. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012). In addition, "an arrest is privileged as a matter of law if the individual claiming false arrest is convicted of the crime for which he or she was arrested." *Avant v. Miranda*, No. 21-CV-0974(JS)(SIL), 2021 WL 1979077, at *5 (E.D.N.Y. May 18, 2021) (cleaned up). Accordingly, a conviction in Coffey's criminal case would necessarily result in the dismissal of any false-arrest claim. Although a district court may elect to stay a plaintiff's civil action pending the conclusion of the related criminal prosecution, *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007), I do not recommend a stay of this § 1983 action given the recommendation that the Complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim.

65, 71 (1989) ("Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Therefore, the State of Vermont and Defendants Goodenough and Zukauskas in their official capacities are not subject to liability because they are not "persons" under § 1983.

**B.    Sovereign immunity bars suits for money damages against the State and its officers in their official capacities.**

Even if Coffey could state a claim for relief under § 1983, the Eleventh Amendment bars his claims for monetary damages against the State of Vermont and Defendants Goodenough and Zukauskas in their official capacities.  The Supreme Court has interpreted the Eleventh Amendment to bar private suits for retrospective relief against a State in federal court, absent consent to suit by the state or valid congressional abrogation of this immunity.  *See Alden v. Maine*, 527 U.S. 706, 754 (1999) ("Our sovereign immunity precedents establish that suits against nonconsenting States are not properly susceptible of litigation in courts, and, as a result, that the entire judicial power granted by the Constitution does not embrace authority to entertain such suits in the absence of the State's consent . . . .") (cleaned up); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.") (internal quotation marks omitted); *cf. Hans v. Louisiana*, 134 U.S. 1, 17 (1890) ("Undoubtedly a state may be sued by its own consent . . . .").

The State of Vermont has not waived its sovereign immunity in this § 1983 suit for money damages in federal court.  *See* 12 V.S.A. § 5601(g) (expressly reserving the State's Eleventh Amendment rights).  Nor has Congress abrogated Vermont's immunity by enactment of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) (holding that in enacting

§ 1983, Congress did not abrogate state sovereign immunity under the Eleventh Amendment).

As a result, Coffey may not sue the state of Vermont, or its agencies or employees acting in their

official capacities, for money damages in federal court.  *See Hafer v. Melo*, 502 U.S. 21, 25

(1991) ("Suits against state officials in their official capacity . . . should be treated as suits

against the State. . . . [T]he only immunities available to the defendant in an official-capacity

action are those that the governmental entity possesses."); *see also Libertarian Party of Erie

Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020) ("An action against a state official in his

official capacity is deemed an action against the state itself, which possesses sovereign immunity

under the Eleventh Amendment." (citations omitted)).

Because Coffey seeks only money damages against the State and State's Attorneys

Goodenough and Zukauskas in their official capacities, his claims must be dismissed under

Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *See Pennhurst*,

465 U.S. at 100 ("It is clear . . . that in the absence of consent a suit in which the State or one of

its agencies or departments is named as the defendant is proscribed by the Eleventh

Amendment.").

### C.    Prosecutorial immunity renders Defendants Goodenough and Zukauskas absolutely immune from suit in their individual capacities.

To the extent that Coffey asserts claims against State's Attorneys Zukauskas and

Goodenough in their individual capacities, principles of prosecutorial immunity require dismissal

of the Complaint.

The Supreme Court has "stressed the importance of resolving immunity questions at the

earliest possible stage in litigation."  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).  A party may

assert immunity in a Rule 12(b)(6) motion where "the facts supporting the defense appear[ ] on

the face of the complaint."  *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004).  In

considering whether immunity applies to the asserted claims, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id*. at 436.

Officials sued in their individual capacities may assert immunity defenses, such as absolute prosecutorial immunity. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985). In determining whether a prosecutor is entitled to absolute immunity, the court applies a "functional" test, "looking to the function being performed rather than to the office or identity of the defendant." *Hill v. City of New* York, 45 F.3d 653, 660 (2d Cir. 1995). According to the functional approach, a prosecutor is immune from "suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Absolute immunity applies to those activities "'intimately associated with the judicial phase of the criminal process.'" *Hill*, 45 F.3d at 660 (quoting *Imbler*, 424 U.S. at 430). Absolute immunity from § 1983 liability covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). A prosecutor is therefore "absolutely immune from civil liability for initiating a prosecution and presenting the case at trial." *Hill*, 45 F.3d at 661. By contrast, "absolute immunity may not apply when a prosecutor is not acting as an officer of the court, but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (internal quotation marks omitted). "[I]f as a result of prosecutorial misconduct, a defendant is compelled to face prosecution, or to suffer imprisonment or pretrial detention, the harm cannot be redressed via a § 1983 civil rights suit." *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981).

The Complaint alleges that Defendants Zukauskas and Goodenough "have wrongfully and maliciously prosecuted Plaintiff in Vermont Superior Court." (Doc. 4 at 2, ¶ 7.) However, the Second Circuit has explained that a prosecutor is absolutely immune from a § 1983 claim for damages where the prosecutor is alleged to have "commenced and continued a prosecution that was within his jurisdiction," but undertaken for improper reasons, such as retaliation or for political reasons. *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005). Coffey further alleges that Defendant Goodenough "resisted" Coffey's efforts to "procure evidence . . . during the course of discovery in the Windsor Case." (Doc.4 at 4, ¶ 19.) Discovery claims such as these are also barred by absolute immunity because discovery is clearly within the scope of a prosecutor's duties, *Imbler*, 424 U.S. at 420, and "intimately associated with the judicial phase of the criminal process," *Hill*, 45 F.3d at 661 (internal quotation marks omitted). Even where there are allegations of a prosecutor's "'deliberate withholding of exculpatory information,'" the prosecutor is not "amenable to a civil suit for damages." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (quoting *Imbler*, 424 U.S. at 431 n.34).

Plaintiff also alleges that "notwithstanding uncontroverted evidence of . . . false and perjurious sworn statements and testimony," Defendants Zukauskas and Goodenough "have insisted on continuing the prosecution." (Doc. 4 at 5, ¶ 23.) These allegations, however, also come within the scope of absolute immunity. *See Shmueli*, 424 F.3d at 237 ("A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.'" (quoting *Imbler*, 424 U.S. at 431 n.34)). Finally, Coffey alleges that Defendants Zukauskas and Goodenough "have failed and refused to take reasonable steps to ensure that . . . Plaintiff [is] afforded a speedy and public trial." (Doc. 4 at 5–6, ¶ 25.) However, absolute prosecutorial immunity applies to this claim as

well because these alleged acts are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430; *see also Corley v. Wittner*, 811 F. App'x. 62, 63 (2d Cir. 2020) (summary order) ("The district court correctly held that the . . . prosecutors were absolutely immune from suit as to [defendant's] speedy trial, fair trial, and obstruction of justice claims . . . .").

As Coffey does not plausibly allege any actions by these Defendants outside the scope of their prosecutorial duties, absolute immunity bars his claims. Accordingly, Defendants Zukauskas and Goodenough must be dismissed as defendants in this action because the Court lacks subject matter jurisdiction. *See Shmueli*, 424 F.3d at 237 ("Because the immunity attaches to the official prosecutorial function and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [he or she] proceeds in the clear absence of all jurisdiction." (internal quotation marks and citations omitted)).

Because the Court lacks subject matter jurisdiction over the claims Coffey seeks to allege against State Defendants, I recommend that the State Defendants' Motion to Dismiss (Doc. 27) be GRANTED.[4]

## V.    Motion to Appoint Counsel

Coffey contends that appointment of counsel is necessary in this case because (1) he cannot afford counsel; (2) the issues raised in his Complaint are complex; (3) he has "very little

---

[4] Given the recommendation that the Court dismiss Coffey's Complaint with leave to amend, this Report and Recommendation does not at this stage address the legal sufficiency of Coffey's allegations regarding specific constitutional violations, including substantive and procedural due process, right to a fair and speedy trial, right to counsel, production of exculpatory evidence, and the right to be free from unreasonable detention. (Doc. 4 at 3, ¶ 13.)

access" to the law library at SSCF; and (4) he has a limited understanding of the law.  (Doc. 34.)
He further asserts that he has attempted unsuccessfully to obtain counsel on his own.

The Second Circuit has explained that a "party has no constitutionally guaranteed right to
the assistance of counsel in a civil case." *Leftridge v. Conn. State Trooper Officer #1283*,
640 F.3d 62, 68 (2d Cir. 2011).  A court may "request an attorney to represent" an indigent
litigant under 28 U.S.C. § 1915(e)(1), but "[t]he court properly denies the plaintiff's motion for
counsel if it concludes that his chances of success are highly dubious." *Id.* at 69.  "As a result,
[these] appointments occur very rarely, being saved for cases that appear to have some chance of
success." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007) (footnote omitted).  The
decision to assign counsel lies within the Court's discretion.  *Hodge v. Police Officers*, 802 F.2d
58, 60 (2d Cir. 1986) (explaining that district courts are granted "[b]road discretion" in making
this decision).  Courts consider factors such as the potential strength of the claims, a plaintiff's
ability to investigate facts and present the case, the complexity of the legal issues involved, as
well as other reasons indicating that appointment of counsel would be more likely to lead to a
just determination.  *Id.*; *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632
(2d Cir. 2001).

As Coffey is incarcerated and proceeding *in forma pauperis*, he appears unable to afford
counsel on his own.  However, the Court must also consider whether the indigent plaintiff's
claim "is likely one of substance." *Carmona*, 243 F.3d at 632.  In light of the determination that
the Court lacks subject matter jurisdiction over some of Coffey's claims and that the remainder
of his allegations are insufficient to state a claim, resulting in a recommendation to dismiss
Coffey's Complaint, I recommend that Coffey's Motion for Appointment of Counsel (Doc. 34)
be DENIED without prejudice to renew.

## VI.    Leave to Amend

District courts should not dismiss the complaint of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted).  A court need not grant leave to amend, however, if "amendment would be futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (cautioning that a district court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile" (internal quotation marks omitted)).  "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (cleaned up).

In light of Coffey's self-represented status and the governing law on leave to amend, I recommend that he be afforded an opportunity to amend his Complaint.  Coffey is advised that an Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (cleaned up).  An Amended Complaint must include all of his factual allegations in their entirety and must set forth all the claims he has against all defendants and all the relief he seeks.  Equally important, an Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8, and doing so in consecutively numbered paragraphs as required by Rule 10.  However, should the Court grant leave to amend, I caution Coffey that an Amended Complaint will not provide the Court

with subject matter jurisdiction over claims that are barred by sovereign immunity, as explained above.

## <u>Conclusion</u>

For the reasons discussed above, I recommend that HPD's Motion to Dismiss (Doc. 13) be GRANTED; Officers Scelza and Moody's Motion to Dismiss (Doc. 14) be GRANTED; the State Defendants' Motion to Dismiss (Doc. 27) be GRANTED; and the Municipal Defendants' Motion to Strike (Doc. 29) be DENIED.  I further recommend that Coffey be allowed leave to amend his Complaint.  Finally, I recommend that Coffey's Motion to Appoint Counsel (Doc. 34) be DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 2nd day of March 2022.


*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).