UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAR 24  PM 4: 32

BY _____
  DEPUTY CLERK

| | |
|---|---|
| GREGORY COFFEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-00050 |
| ) | |
| STATE OF VERMONT, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MUNICIPAL DEFENDANTS' MOTION TO STRIKE, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING IN PART AND DENYING IN PART LEAVE TO AMEND**
(Docs. 13, 14, 27, 29, 34, & 36)

On March 2, 2021, Plaintiff Gregory Coffey, who is self-represented, filed a Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and seeking monetary damages. On March 2, 2022, the Magistrate Judge issued a Report and Recommendation (the "R & R") (Doc. 36), in which he recommended the court grant the motions to dismiss filed by Defendants Town of Hartford Police Department (the "HPD"), HPD Officers Logan Scelza and Scott Moody (collectively with the HPD, the "Municipal Defendants"), and the State of Vermont and State's Attorneys Emily Zukauskas and Ward Goodenough (collectively, the "State Defendants"). (Docs. 13, 14, & 27.) The Magistrate Judge further recommended that the court deny the Municipal Defendants' motion to strike Plaintiff's "supplemental opposition" in light of Plaintiff's self-represented status. He recommended the court deny Plaintiff's motion for appointment of counsel. (Docs. 29 & 34.) Neither party has filed an objection to the R & R, and the deadline for doing so has expired.

Plaintiff is self-represented. The State Defendants are represented by Assistant Attorney General Rachel E. Smith. The Municipal Defendants are represented by Brian P. Monaghan, Esq., and Christian S. Chorba, Esq.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his eighteen-page R & R, the Magistrate Judge analyzed the factual allegations in Plaintiff's Complaint as well as the arguments in Plaintiff's supplemental opposition, even though this court's Local Rules do not provide for the filing of a sur-reply as a matter of course. Because Plaintiff is self-represented, the court agrees the motion to strike the sur-reply should be DENIED but cautions Plaintiff that self-represented parties are required to follow the Federal Rules of Civil Procedure and this court's Local Rules.

The Magistrate Judge correctly concluded Plaintiff's claim against the HPD must be dismissed because the HPD is not considered a "person" for purposes of § 1983. *Hollins v. S. Burlington Police Dep't*, 2020 WL 1033335, at *3 (D. Vt. Mar. 3, 2020) ("There are no statutes or ordinances in Vermont that permits a suit against a municipal police department. This [c]ourt has consistently held that such departments do not have the capacity to be sued."). The Magistrate Judge further recommended dismissal of Plaintiff's claims against the Municipal Defendants because he failed to plausibly allege a custom, policy, or practice that caused a deprivation of his constitutional right as required by *Monell v. Dep't of Social Services of New York*, 436 U.S. 658 (1978). Nor has Plaintiff plausibly alleged a § 1983 claim against Officers Scelza or Moody in their individual capacities. *See Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020) (requiring that

2

"the plaintiff must directly plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (internal quotation marks omitted). The court agrees with the R & R's well-reasoned conclusion that Plaintiff has not plausibly alleged a claim against the Municipal Defendants and his claim must be DISMISSED.

With respect to the State Defendants, the Magistrate Judge reviewed their arguments that, when sued in their official capacities, they are not "persons" subject to liability pursuant to § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1981) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Sovereign immunity bars Plaintiff's claims for monetary damages. *See Thompson v. Pallito*, 949 F. Supp. 2d 558, 572 (D. Vt. 2013). Prosecutorial immunity bars Plaintiff's claims against Defendants Goodenough and Zukauskas in their individual capacities. *See Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir. 1981) (observing that prosecutors are entitled to absolute immunity with respect to activities "intimately associated with the judicial phase of the criminal process[]") (internal quotation marks omitted). The court agrees with each of these conclusions. Because Plaintiff's Complaint has been dismissed, his motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

## LEAVE TO AMEND

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion

3

to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As the Magistrate Judge properly concluded, leave to amend would be futile with respect to the HPD, which cannot be sued under § 1983, or the State Defendants, from whom sovereign immunity bars an award of monetary damages. Better pleading will not cure these deficiencies. The court, however, GRANTS Plaintiff leave to amend his remaining claims. Leave to amend is granted solely for this purpose. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Plaintiff is advised that an Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks in numbered paragraphs. For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. **Plaintiff must file his Amended Complaint by April 22, 2022, or this case will be dismissed**.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the R & R (Doc. 36), DENIES the motion to strike (Doc. 29), GRANTS the motions to dismiss (Docs. 13, 14, & 27), DISMISSES Plaintiff's claims, DENIES Plaintiff's motion for appointment of counsel (Doc. 34), and GRANTS IN PART AND DENIES IN PART leave to amend. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of March, 2022.

Christina Reiss, District Judge
United States District Court