UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUN -3 PM 3: 00

CLERK
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| GREGORY COFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-50 |
| | ) | |
| STATE OF VERMONT; TOWN OF HARTFORD POLICE DEPARTMENT; LOGAN SCELZA; SCOTT MOODY; EMILY ZAKAUSKAS, ESQ.; and WARD GOODENOUGH, ESQ.; | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DISMISSAL ORDER

A review of the docket in this case reveals the following:

1. On March 2, 2021, Plaintiff Gregory Coffey, a Vermont inmate representing himself, was granted leave to proceed *in forma pauperis* and his Complaint was filed the same day. (Docs. 2, 4.)

2. On March 2, 2022, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that each Defendant's motion to dismiss be granted. (Doc. 36.)

3. On March 24, 2022, the court adopted the R & R and granted limited leave to amend. (Doc. 37.) Plaintiff was warned that he must file an Amended Complaint by April 22, 2022, or his case would be dismissed. *Id.* at 4.

4. On April 5, 2022, the copy of the R & R sent to Plaintiff was returned as undeliverable. (Doc. 38.)

5. On April 7, 2022, the copy of the March 24, 2022 Opinion and Order sent to Plaintiff was returned as undeliverable. (Doc. 39.)

6. On April 29, 2022, because Plaintiff had not filed an Amended Complaint, the court issued an Order to Show Cause ("OSC") requiring Plaintiff to show cause, on or before May 20, 2022, why his case should not be dismissed for lack of prosecution. (Doc. 40.) Plaintiff was warned that failure to file a response would result in the dismissal of the case. *Id.* at 2.

7. On May 19, 2022, the copy of the April 29, 2022 OSC sent to Plaintiff was returned as undeliverable. (Doc. 41.)

8. No further filings have been received as of the date of this Order.

As the court has noted, it appears from a review of the Vermont Offender Locator that Plaintiff is no longer in custody. *See* Doc. 40 at 2. Pursuant to this court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which the court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). In addition, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]").

The Federal Rules of Civil Procedure authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Where a defendant has not moved under Rule 41(b), a court may nevertheless dismiss a case *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Although Rule 41(b) does not define "failure to prosecute," the Second Circuit has held that "[i]t can evidence itself . . . in an action lying dormant with no significant activity to move it[.]" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Here, Plaintiff has not responded to the April 29, 2022 OSC. In such circumstances, the court is entitled to treat the lack of response as a failure to prosecute. Because Plaintiff did not file an Amended Complaint, apprise the court of a current mailing address, or respond to the OSC to explain why this case should not be dismissed, this case is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of June, 2022.

Christina Reiss, District Judge
United States District Court